# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER SCOTT, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| PROMETHEUS BIOSCIENCES, INC., MARK C. MCKENNA, HELEN C. ADAMS, FRED HASSAN, MARTIN HENDRIX, JAMES LAUR, JOSEPH C. PAPA, JUDITH L. SWAIN, and MARY SZELA, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Christopher Scott ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Prometheus Biosciences, Inc. ("Prometheus" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Merck & Co., Inc. ("Merck").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On April 15, 2023, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Merck and Merck's wholly owned subsidiary, Splash Merger Sub, Inc. ("Merger Sub"). The Merger Agreement provides that Company stockholders will receive $200.00 per share of Prometheus common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the May 16, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for June 15, 2023.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9.      Plaintiff is, and has been at all times relevant hereto, the owner of Prometheus common stock.

10.     Defendant Prometheus is a Delaware corporation with its principal executive offices located at 3050 Science Park Road, San Diego, California 92121.  Prometheus' shares trade on the Nasdaq Global Select Market under the ticker symbol "RXDX."  Founded in 2016, Prometheus is a clinical-stage biotechnology company that is engaged in the discovery, development, and commercialization of novel therapeutics for the treatment of inflammatory bowel diseases ("IBD").  Prometheus' lead product includes PRA023, a humanized IgG1 monoclonal antibody ("mAb"), which is in Phase IIa clinical trial for the treatment of ulcerative colitis and Crohn's disease, as well as systemic sclerosis-associated interstitial lung disease.  The Company also develops PR300, a G-protein coupled receptor modulator for IBD and

potentially other immune-mediated diseases; PRA052, an anti-CD30L mAb for IBD; PR1100, an anti-cytokine receptor mAb for IBD and other immune-mediated diseases; and PR2100, an anti-inflammatory cytokine mAb for IBD, and inflammatory and fibrotic diseases. In addition, Prometheus has a diagnostics development and collaboration agreement with Takeda Pharmaceutical Company Limited, a co-development and manufacturing agreement with Dr. Falk Pharma GmbH for PRA052, a license agreement with Cedars-Sinai Medical Center, and a strategic collaboration with Millennium Pharmaceuticals, Inc.

11. Defendant Mark C. McKenna is and has been Chairman of the Board and Chief Executive Officer of the Company at all times relevant hereto.

12. Defendant Helen C. Adams is and has been a director of the Company at all times relevant hereto.

13. Defendant Fred Hassan is and has been a director of the Company at all times relevant hereto.

14. Defendant Martin Hendrix is and has been a director of the Company at all times relevant hereto.

15. Defendant James Laur is and has been a director of the Company at all times relevant hereto.

16. Defendant Joseph C. Papa is and has been a director of the Company at all times relevant hereto.

17. Defendant Judith L. Swain is and has been a director of the Company at all times relevant hereto.

18. Defendant Mary Szela is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On April 16, 2023, the Company and Merck jointly announced in relevant part:

RAHWAY, N.J. and SAN DIEGO, April 16, 2023 (GLOBE NEWSWIRE) -- Merck (NYSE: MRK), known as MSD outside the United States and Canada, and Prometheus Biosciences, Inc. ("Prometheus") (Nasdaq: RXDX) today announced that the companies have entered into a definitive agreement under which Merck, through a subsidiary, has agreed to acquire Prometheus for $200.00 per share in cash for a total equity value of approximately $10.8 billion.

"At Merck, we are committed to delivering on our purpose to save and improve lives and continue to identify and secure opportunities where compelling science and value creation align," said Robert M. Davis, chairman and chief executive officer, Merck. "The agreement with Prometheus will accelerate our growing presence in immunology where there remains substantial unmet patient need. This transaction adds diversity to our overall portfolio and is an important building block as we strengthen the sustainable innovation engine that will drive our growth well into the next decade."

Prometheus is a clinical-stage biotechnology company pioneering a precision medicine approach for the discovery, development, and commercialization of novel therapeutic and companion diagnostic products for the treatment of immune-mediated diseases. The company's lead candidate, PRA023, is a humanized monoclonal antibody (mAb) directed to tumor necrosis factor (TNF)-like ligand 1A (TL1A), a target associated with both intestinal inflammation and fibrosis.

"Prometheus was established to revolutionize the treatment of immune-mediated diseases through the application of a powerful precision medicine approach," said Mark McKenna, chairman and chief executive officer of Prometheus Biosciences. "This agreement with Merck, a leader in biopharmaceutical research and development, allows Prometheus to maximize the potential for PRA023, while continuing to apply our technology and expertise to fuel further discoveries to address the needs of patients with immune disorders."

Prometheus is developing PRA023 for the treatment of immune-mediated diseases including ulcerative colitis (UC), Crohn's disease (CD), and other

autoimmune conditions. In December 2022, the company announced positive results for PRA023 from ARTEMIS-UC, a Phase 2, placebo controlled, study evaluating safety and efficacy in patients with moderate to severely active UC and APOLLO-CD a Phase 2A, open-label, study evaluating safety and efficacy in patients with moderate to severe CD. The findings were recently presented at the 18th Congress of European Crohn's and Colitis Organisation (ECCO).

"By applying a portfolio of powerful analytic tools to a comprehensive collection of IBD samples, Prometheus identified important disease insights that have now yielded a promising late-stage candidate," said Dr. Dean Y. Li, president, Merck Research Laboratories. "I look forward to working with the talented Prometheus team to establish a new paradigm of precision treatment for immune diseases."

Under the terms of the acquisition agreement, Merck, through a subsidiary, will acquire all of the outstanding shares of Prometheus. The acquisition is subject to Prometheus Biosciences shareholder approval. The closing of the proposed transaction will be subject to certain conditions, including the expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary conditions. The transaction is expected to close in the third quarter of 2023.

* * *

**Advisors**
Morgan Stanley & Co. LLC acted as financial advisor to Merck in this transaction and Paul, Weiss, Rifkind, Wharton & Garrison LLP as its legal advisors. Centerview Partners LLC and Goldman Sachs & Co. LLC acted as financial advisors to Prometheus and Latham & Watkins LLP as the company's legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on May 16, 2023 The Proxy Statement, which recommends that Prometheus stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinions provided by the Company's financial advisors Centerview

Partners LLC ("Centerview") and Goldman Sachs & Co. LLC ("Goldman"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Financial Projections for the Company*

22.     The Proxy Statement fails to disclose material information concerning Prometheus' financial forecasts, including the line items underly management's forecasted EBIT and Unlevered Free Cash Flow.

23.     The Proxy Statement also fails to disclose the "various judgements and assumptions" underlying the Company's financial forecasts. These omissions include: (a) the Company's "revenue estimates;" (b) "the probability of success in obtaining regulatory approval of Prometheus' drug candidates;" (c) "the entry into partnerships for the development and commercialization of certain product candidates outside of the United States and EU with various upfront, milestone and royalty payments assumptions;" (d) the "assumptions with respect to cost of goods sold and estimated sales, marketing and distribution expenses, with certain of such assumptions estimated on a product-by-product basis;" (e) the "estimated royalty and milestone expenses payable by and to Prometheus based on the terms of Prometheus' existing and future potential partner relationships;" and (f) the "variable research and development expenses estimated based on the phase of each product's development and launch[.]"[3]

---

[3] Proxy Statement at 63-64. The Proxy Statement similarly fails to disclose a summary of the Company's non-risk-adjusted projections.

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Centerview and Goldman*

24. The Proxy Statement fails to disclose material information concerning Centerview's financial analyses.

25. With respect to the *Discounted Cash Flow Analysis* performed by Centerview, the Proxy Statement fails to disclose: (a) the Company's terminal values; and (b) the Company's fully diluted outstanding shares.

26. With respect to the *Analyst Price Target Analysis* performed by Centerview, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

27. With respect to Centerview's *Premiums Paid Analysis* performed by Centerview, the Proxy Statement fails to disclose the transactions analyzed and their respective individual premiums.

28. The Proxy Statement also fails to disclose material information concerning Goldman's financial analyses.

29. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's terminal year estimate of unlevered free cash flows; (b) its terminal values; (c) the estimated benefits of Prometheus' net operating losses for the second, third and fourth quarters of fiscal year 2023 through fiscal year 2044; (d) Prometheus' net cash balance as of March 31, 2023; (e) the net present value of the $500 million in financing with a 6% gross spread expected in 2025 and $400 million in financing with a 6% gross spread expected in 2026; and (f) the Company's fully diluted outstanding shares.

30. With respect to the *Premia Paid Analysis – Undisturbed Closing Stock Price* and *Premia Paid Analysis – 52-Week Intraday High Stock Price* performed by Goldman, the Proxy Statement fails to disclose the transactions analyzed and their respective individual premiums.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

31. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Merck's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

32. The Proxy Statement similarly fails to disclose the details of any discussions or negotiations concerning management participation in the combined company.

33. The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Centerview Partners LLC," "Opinion of Goldman Sachs & Co. LLC," "Background of the Merger," and "Interests of the Directors and Executive Officers of Prometheus in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

34. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## **CLAIMS FOR RELIEF**

## **COUNT I**

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Prometheus**

35.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Prometheus is liable as the issuer of these statements.

37.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

41. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

42. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Prometheus within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Prometheus and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations

as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

47. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

      D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

      E.      Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: May 22, 2023                        **LONG LAW, LLC**

                                            By:  */s/ Brian D. Long*
                                                    Brian D. Long (#4347)
                                                    3828 Kennett Pike, Suite 208
                                                    Wilmington, DE 19807
                                                    Telephone: (302) 729-9100
                                                    Email: BDLong@LongLawDE.com

                                                    *Attorneys for Plaintiff*